UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTLYNN USA DIVISION, INC.,

    Plaintiff,

v.                                        Case No: 2:18-cv-521-FtM-99CM

TITAN TRANS CORPORATION,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Entry of Default Against Defendant Titan Trans Corporation filed on September 19, 2018. Doc. 12. Plaintiff seeks entry of a Clerk's default against Defendant. *Id.* at 1. For the reasons stated below, the motion is granted.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *U.S. v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation may be made by any manner accepted in the state or "by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). Florida law provides a hierarchy for service of process upon a corporation. Fla. Stat. § 48.081. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. *Id.* § 48.081(1)(a)-(d). Alternatively, process may be served on a registered agent of the corporation or on an employee of the registered agent. *Id.* § 48.081(3)(a).

Here, the return of service states that on August 24, 2018, a process server from Judicial Attorney Services, Inc. served a copy of the Summons (Doc. 2) and Amended Complaint (Doc. 5) upon Agnes Borawski, Managing Agent of Titan Trans Corporation, at 600 Kingsland Drive, Batavia, Illinois 60510, who represented she was authorized to accept service on behalf of Titan Trans Corporation. Doc. 7. Services of process was therefore properly effected under Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(h)(1)(B).

Pursuant to Rule 12, a defendant must serve an answer within 21 days after being served with the summons and complaint. Here, Defendant has failed to do so within the required time. Therefore, the entry of Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Rule 1.07(b) of the Middle District of Florida Local Rules is appropriate.

ACCORDINGLY, it is

**ORDERED:**

1. Plaintiff's Motion for Entry of Default Against Defendant Titan Trans Corporation (Doc. 12) is **GRANTED**.

2. The Clerk is directed to enter a Clerk's Default against Defendant Titan Trans Corporation.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of September, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record