UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTLYNN USA DIVISION, INC.,

    Plaintiff,

v.                                    Case No: 2:18-cv-521-FtM-99CM

TITAN TRANS CORPORATION,

    Defendant.

## ORDER

This matter comes before the Court upon review of Defendant Titan Trans Corporation's Amended Motion to Quash Service of Process and to Set Aside Default and Incorporated Memorandum of Law In Support Thereof filed on October 24, 2018. Doc. 20. Plaintiff filed a response in opposition on November 7, 2018, and, with leave of Court, Defendant filed a reply on November 26, 2018. Docs. 22, 25. For the reasons stated below, the motion is granted in part and denied in part.

On July 27, 2018, Plaintiff filed this case against Defendant and on August 2, 2018, Plaintiff filed an Amended Complaint alleging claims for indemnity, negligence, and violation of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. Doc. 1; Doc. 5 ¶¶ 14-27. In summary, Plaintiff alleges the parties contracted with Defendant to ship goods for Plaintiff, and Defendant damaged the goods during the trip, causing Plaintiff a loss of $89,823.68. Doc. 5 ¶¶ 7-12. On September 19, 2018, Plaintiff filed a return of service stating that a process server

served Defendant on August 24, 2018 in Batavia, Illinois. Doc. 11. The same day, Plaintiff filed a Motion for Entry of Default Against Defendant. Doc. 12.

On September 21, 2018, the Court granted Plaintiff's motion and directed the Clerk to enter a Clerk's Default against Defendant. Doc. 13 at 1, 3. The Court found service on Defendant sufficient under Rule 4 of the Federal Rules of Civil Procedure as the return of service stated that the process server served Agnes Borawski, the "Managing Agent" of Defendant, "who stated they were authorized to accept service." Doc. 13 at 2; *see* Doc. 11. The Clerk entered a Clerk's Default on September 24, 2018. Doc. 14. Subsequently, on October 23, 2018, counsel filed a notice of appearance on behalf of Defendant and filed a motion to quash service and set aside the Clerk's Default. Docs. 16, 17. Defendant filed its amended motion on October 24, 2018, along with supporting affidavits. Docs. 18, 19, 20.

The motion states that on October 22, 2018, Defendant received a copy of the Court's Order granting the motion for entry of a Clerk's Default (Doc. 13) and "for the first time, learned that the Plaintiff claimed to have served [Defendant]." Doc. 20 at 2. Defendant states that Agnieszka Borawski[1] is not a "Managing Agent" of Defendant, nor is she a registered agent or any kind of officer of Defendant, and she is not permitted to accept service of process on behalf of Defendant. *Id.* Defendant says Mrs. Borawski is not an employee of Defendant at all but works for a company that shares office space with Defendant at 600 Kingsland Drive, Batavia, Illinois, and

---

[1] Defendant believes this is who Plaintiff is referring to as "Agnes" Borawski. Doc. 20 at 2.

she "will sometimes provide clerical support to [Defendant] . . . answering the phones, receiving calls from customers and preparing and mailing out invoices for the convenience of [Defendant]." *See id.*

According to Defendant, Mrs. Borawski also has no recollection of receiving any documents from a process server, does not recall signing for service of any legal documents on behalf of Defendant, and "made no representations that she is a managing agent of [Defendant] or that she is authorized to accept service of process on behalf of [Defendant]." *Id.* at 2-3. Defendant attached affidavits from Mrs. Borawski and Mr. Waldemar Borawski, who claims he is the sole managing agent of Defendant and that Mrs. Borawski is not an officer or employee of Defendant but perform clerical duties for Defendant. Docs. 18, 19. Mrs. Borawski's affidavit states that she has never represented that she was authorized to accept service on behalf of Defendant and has no recollection of receiving documents from a process server related to this case. Doc. 18 ¶¶6-10. Defendant requests the Court quash service of process or, in the alternative, vacate the Clerk's Default entered. Doc. 20 at 3, 7; *see* Doc. 14.

"'[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity.'" *Morris v. City of Orlando*, No. 6:10-cv-233-Orl-19GJK, 2010 WL 2836623, at *1 (M.D. Fla. July 19, 2010) (quoting *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980)). Service on a corporation can be made by any manner accepted in the state where service is made or the state where the district court is located or "by delivering a copy

of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081 of the Florida Statutes provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president or other head of the corporation and, in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation or an employee of the registered agent. *Id.* § 48.081(3)(a). Under Illinois law, service on a corporation can be made (1) by leaving a copy of the complaint and summons with the registered agent or any officer or agent of the corporation found anywhere in the State; or (2) "in any other manner now or hereafter permitted by law." 735 ILCS 5/2-204.

Defendant argues service was improper because Mrs. Borawski is not an "officer, a managing or general agent, or any other agent authorized by appointment or by law" to accept service under Rule 4 of the Federal Rules of Civil Procedure; she does not qualify as an "agent" under Illinois law; and does not qualify as any type of officer authorized to accept service under Florida law. Doc. 20 at 5-7. Defendant further argues that even if Mrs. Borawski qualified as an inferior level of employee, the return of service failed to indicate that service was attempted on superior officers first and thus was ineffective under Florida law. *Id.* at 7.

Plaintiff responds Defendant was properly served as the return of service indicates Mrs. Borawski represented she was an agent of Defendant and that she was

authorized to accept service on behalf of Defendant. Doc. 22 at 2. Plaintiff attaches an affidavit from the process server in support of its opposition. *Id.* at 4; *see* Doc. 22-3. The process server states when he entered Defendant's offices Mrs. Borawski was sitting in an office with a sign that said "manager" and was on the phone discussing business on behalf of Defendant. Doc. 22 at 4; Doc. 22-3 ¶¶ 6-7. The process server then asked for Waldemar Borawski, Defendant's registered agent, and Mrs. Borawski told him Mr. Borawski was not there and represented she could accept service of process. Doc. 22 at 4; Doc. 22-3 ¶¶ 7, 9. According to Plaintiff, Mrs. Borawski "did not seem phased by the lawsuit, and even seemed to be expecting it." Doc. 22 at 5; *see* Doc. 22-3 ¶ 10. Plaintiff argues a receptionist or cashier can properly accept service if they appreciate the importance of the papers being served on them. Doc. 22 at 6-7. Defendant responds that Mrs. Borawski either did not receive the documents, or, if she did, was not authorized to accept service or did not understand what the documents meant. Doc. 25 at 2-3.

The Court will deny the request to quash service on Defendant. In challenging sufficiency of process, the defendant must describe with specificity how service was insufficient. *Developers Surety and Indemnity Co. v. Italian Cast Stone, Inc.*, No. 8:16-cv-3491T-24-TGW, 2017 WL 3113469, at *2 (M.D. Fla. May 5, 2017) (citing *Hollander v. Wolf*, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009)). The plaintiff makes a *prima facie* showing of proper service by presenting a signed return of service. *Martinez v. Deutsche Bank Nat'l Trust Co.*, No. 5:11-cv-580-Oc-10TBS, 2012 WL 162360, at *2 (M.D. Fla. Jan. 19, 2012); *see also Manufacturers Hanover*

*Trust Co. v. Ponsoldt*, 51 F.3d 938, 941 (11th Cir. 1995). The burden then shifts to defendant to demonstrate insufficient process with "strong and convincing evidence." *Developers*, 2017 WL 3113469 at *2 (citation omitted). In resolving disputed questions of fact about sufficiency of service, the Court may consider affidavits attached to the motion to quash and response. *See Hollander*, 2009 WL 3336012 at *3. "When a defendant supports his or her motion to quash with affidavits, the plaintiff is permitted to submit counter-affidavits[.]" *Id.* (citing *Chatman v. Condell Med. Center*, No. 99-C-5603, 2002 WL 737051 (C.D. Ill. Apr. 22, 2002)). "If the plaintiff presents countering evidence, the court must construe all reasonable inferences in favor of the plaintiff." *Id.* (citing *Lowdown PTY Ltd. v. Westminster Ceramics, LLC*, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008)).

Here, Plaintiff made a *prima facie* showing of proper service by presenting the signed return of service from the process server. *See* Doc. 11; *Martinez*, 2012 WL 162360 at *2. Defendant's motion to quash challenges the sufficiency of service by attaching an affidavit of Mrs. Borawski stating that she is not an employee of Defendant but works for them in some capacity, does not remember receiving process, and did not represent that she was authorized to accept service. *See* Doc. 20 at 2-3; Doc. 18. Plaintiff responds with a sworn affidavit from the process server stating that Mrs. Borawski stated she was authorized to accept service twice and appreciated the importance of the documents served on her. *See* Doc. 22 at 5-6; Doc. 22-3. In resolving this disputed question of fact, the Court is obligated to construe all reasonable inferences in favor of Plaintiff. *See Hollander*, 2009 WL 3336012 at *3.

The Court makes the reasonable inference that it is likely Mrs. Borawski represented she was authorized to accept service of process on behalf of Defendant as its agent, because if she represented she was not authorized it is unlikely the process server would have served her instead of attempting service again on the registered agent. If Mrs. Borawski represented she was authorized to accept service as an agent of Defendant, service was proper under both Illinois law and Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(h)(1), 4(e); 735 ILCS 5/2-204. Thus, Defendant has not shown "strong and convincing evidence" of insufficient process and the Court will not quash service. *Developers*, 2017 WL 3113469 at *2.

The Court will, however, set aside the Clerk's Default. Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Not susceptible to a precise definition or formula, the Eleventh Circuit has labeled "good cause" as a "liberal" and "mutable" standard, and one that varies from situation to situation. *See Perez v. Wells Fargo N.A.,* 774 F.3d 1329, 1337 n.7 (11th Cir. 2014); *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir. 1996). Nevertheless, "the standard must be construed to have substance." *Perez,* 774 F. 3d at 1337 n.7. Courts generally evaluate various factors, such as: "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d at 951 (citation omitted); *see also Perez,* 774 F. 3d at 1337 n.7. If circumstances warrant, courts also examine other factors,

"including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d at 951 (citation omitted). The Eleventh Circuit "strive[s] to afford a litigant his or her day in court, if possible," and has expressed a "strong preference that cases be heard on the merits." *Perez,* 774 F. 3d at 1342; *see also Florida Physician's Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits.") (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.,* 740 F.2d 1499, 1510 (11th Cir. 1984)).

Defendant argues good cause exists to vacate the default because its failure to respond to the Complaint was "a mistake rather than a willful disregard of the legal proceedings" and Defendant acted to vacate the default as soon as Defendant learned of service and the default entered. Doc. 20 at 9, 11. Plaintiff responds Defendant has not shown good cause, and it will be prejudiced if the default is set aside as "this case could have been moving forward" had Defendant responded to the Complaint. Doc. 22 at 6. Based on Defendant's representations, the Court finds Defendant has shown good cause to set aside the default, and Plaintiff will not be prejudiced. Defendant filed the motion to vacate immediately upon receiving the Clerk's Default in the mail. Doc. 20 at 2. Further, the case is in the early stages, and thus any prejudice to Plaintiff will be minimal. Thus, the Court will set aside the Default.

ACCORDINGLY, it is

**ORDERED:**

Defendant Titan Trans Corporation's Amended Motion to Quash Service of Process and to Set Aside Default and Incorporated Memorandum of Law In Support Thereof (Doc. 20) is **GRANTED in part and DENIED in part**. The Clerk's Entry of Default (Doc. 14) entered on September 24, 2018 is **VACATED** and **SET ASIDE.** Defendant shall have up to and including **January 24, 2019** to respond to the Amended Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of January, 2019.

*[Signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record