UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**SCOTLYNN USA DIVISION, INC.**,

    Plaintiff,

v.                                                    Case No. 2:18-cv-521-JLB-NPM

**TITAN TRANS CORPORATION**,

    Defendant.

## REPORT AND RECOMMENDATION

In this Carmack Amendment and breach of contract action, Defendant Titan Trans Corporation prevailed on all claims. Titan prevailed on the contract claims because the court held—both at the summary judgment stage and at trial—that the contract claims were preempted. (Doc. 61 at 11-12; Doc. 155 at 55-58). And Titan prevailed on the Carmack Amendment claim because the court found at trial that Titan was free of negligence and that plaintiff Scotlynn USA had failed to prove a specified amount of damages. (Doc. 155 at 45-51). As the prevailing party, Titan requests a fee-and-expense award pursuant to Florida Statute § 57.105(7), which governs contractual fee-shifting regardless of the subject matter of the contract.[1] The court should find Titan entitled to a limited fee-and-expense award.

---

[1] Pursuant to the court's bifurcated procedure for fee motions, Titan filed a motion to determine entitlement (Doc. 157). Scotlynn opposed (Doc. 167), Titan replied (Doc. 169), and Scotlynn sur-replied (Doc. 170).

> Florida Statute § 57.105(7) states:
>
> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

And the fee-shifting provision in the contract between the parties provides:

> ¶ 22.  … [Titan] shall pay all costs, expenses and attorney fees which may be expended or incurred by [Scotlynn] in enforcing this Agreement or any provision thereof … or in exercising any right or remedy of [Scotlynn] against [Titan], or in any litigation incurred by [Scotlynn] because of any act or omission of [Titan] under this Agreement.

(Doc. 62-1).

Given the use of the word "may" rather than "must" in the statute, Scotlynn argues that a fee award under § 57.105(7) is discretionary, and that the court should—in its discretion—find Titan not entitled to such an award. But § 57.105(7) "mandates that contractual attorney's fees provisions be reciprocal obligations." *Landry v. Countrywide Home Loans, Inc.*, 731 So. 2d 137, 140 (Fla. 1st DCA 1999). Words like "allowing" and "may" are utilized in the statute because there is no limit to the various forms of conditional, permissive, or mandatory language that might be found in unilateral fee-shifting contracts. Here, the contract states that litigation fees "shall" be shifted, and § 57.105(7) would simply make that provision reciprocal. If the statute is enforceable, a reciprocal fee-and-expense award to Titan would be mandatory due to the language in the contract.

Scotlynn argues the statute is not enforceable because it conflicts with the Carmack Amendment and the Federal Aviation Administration Authorization Act of 1994.[2] And the Supremacy Clause, U.S. CONST. art. VI, cl. 2, preempts state statutes, regulations, and common-law claims that conflict with federal statutes. *UPS Supply Chain Solutions, Inc. v. Megatrux Transp. Inc.*, 750 F.3d 1282, 1289 (11th Cir. 2014). This includes circumstances where compliance with a state requirement runs afoul of a federal regime, and where a state-imposed standard serves as an obstacle to the purpose and objective of a federal statute. *Id*.

But as the Supreme Court of the United States held more than a century ago, state fee-shifting statutes of general application do not conflict with federal provisions that regulate the interstate transportation of goods and remain silent about litigation costs. *See Missouri, K. & T. Ry. Co. of Tex. v. Harris,* 234 U.S. 412, 422 (1914) (reasoning that a state fee-shifting statute does not "affect the ground of recovery, or the measure of recovery; it only deals with a question of [litigation] costs, respecting which Congress has not spoken").[3] The Florida fee-shifting statute

---

[2] The Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, and the Aviation Act, 49 U.S.C. § 14501, are federal statutes that regulate the interstate transportation of goods. Generally, the Carmack amendment regulates the responsibility of an interstate carrier when there is a loss of the property being shipped, and the Aviation Act regulates rates, routes, and services of motor carriers.

[3] *See also Megatrux*, 750 F.3d at 1294 ("As the Supreme Court has held, attorney's fees do not enlarge or limit the responsibilities of the carrier for loss of property. Nor does a claim for attorney's fees pose an obstacle to the accomplishment of the [Carmack Amendment's] purpose.").

does not regulate rates, routes, services, or loss allocation concerning the interstate shipment of goods. And neither the Carmack Amendment nor the Aviation Act address fees and costs in this context.[4] With no conflict between Florida Statute § 57.105(7) and either the Carmack Amendment or the Aviation Act, § 57.105(7) is not preempted.

Given no displacement of the state statute, the next step is to determine whether and how it applies to the request at hand. There is no dispute that a contract was formed, and that the contract contains the object regulated by § 57.105(7)—a unilateral fee-shifting provision. Nor is there any dispute that Titan has prevailed "with respect to the contract." Fla. Stat. § 57.105(7). Thus, the conditions of the statute are satisfied. *See Page v. Deutsche Bank Trust Co. Americas*, 308 So. 3d 953, 959-961 (Fla. 2020).

"Where a unilateral provision is involved, the statute transforms the one-sided provision into a reciprocal provision. In this way, the statute fulfills its purpose, which … is 'to help level the playing field when a contract contains a unilateral attorney's fee provision.'" *Levy v. Levy*, 326 So. 3d 678, 681 (Fla. 2021) (quoting *Ham v. Portfolio Recovery Assocs.*, LLC, 308 So. 3d 942, 949 (Fla. 2020)). To the extent a party may be entitled to fees for a claim that succeeds, its opponent will be

---

[4] One provision of the Carmack Amendment, inapplicable here, provides for attorney's fees in the context of the shipment of household goods. *See* 49 U.S.C. §14708(d) and (e).

entitled to fees if the claim fails. Titan's right to recover any litigation expenses must mirror that of Scotlynn's.

Had Scotlynn prevailed on its contract claim, Scotlynn would have been entitled to its related fees and costs. So, allowing Titan to recover fees as the prevailing party on the contract claims is consistent with making the parties' fee-shifting rights reciprocal. As the Supreme Court of Florida observed in *David v. Richman*, 568 So. 2d 922, 924 (1990), "when litigation ensues in connection with a validly formed contract, attorney's fees may be recovered under a prevailing-party provision of the contract even though the contract has been rescinded or held to be unenforceable." In its trial brief, Titan argued that it was entitled to a prevailing-party fee award "in the action on the contract." (Doc. 138 at 10). The court should find Titan entitled to its fees for defeating the contract claims on preemption grounds.

The same cannot be said for an attorney's fee award based on the Carmack claim. Here, it appears from the court's trial ruling that Scotlynn would not have been entitled to attorney's fees even if it had prevailed on its Carmack claim (Doc. 155 at 55-58) and even though the contract contemplates a fee-and-expense award for "exercising any right or remedy." Yet, Titan now seeks fees for prevailing on the Carmack claim.[5] To maintain a level playing field and reciprocal rights under the

---

[5] Titan's argument for a fee award is at odds with its argument for why Scotlynn should not recover

contract's fee-shifting provision, as we are called to do by § 57.105(7), the court should find that Titan—like Scotlynn—is not entitled to any prevailing-party fee award for litigating the Carmack Amendment claim.

Furthermore, because the contractual fee-shifting provision is written to include "all expenses" and not just reasonable attorney's fees, any nontaxable expenses related to defeating the contract claims on preemption grounds should be recoverable as well. *See Trial Pracs., Inc. v Hahn Loeser & Parks, LLP*, 228 So. 3d 1184, 1192 (2017) (holding that a contractual fee-shifting provision that included an award of "all expenses" could encompass "overhead expenses such as postage, Westlaw research, office supplies, an iPad, travel expenses, telephone calls, courier service, and photocopies"), unrelated portion of opinion quashed, 260 So. 3d 167 (Fla. 2018).

And, since the fee-shifting provision provides for the recovery of all fees, costs, and expenses for enforcing any provision of the contract—which would include the fee-shifting provision itself—it is broad enough to provide for the recovery of "fees for fees," that is, the fees and nontaxable expenses related to obtaining the fee-and-expense award (both entitlement and quantum). *See id*. at 1188-1189; *see also Apple Glen Investors, L.P. v. Express Scripts, Inc.*, No. 8:14-

---

one. In its trial brief, Titan did not view the act of litigating the loss as conduct separate and distinct from the loss itself, but now it does.

cv-1527-T-33TGW, 2018 WL 2945629, *12 (M.D. Fla. May 25, 2018) (report and recommendation), *no objection and adopted*, 2018 WL 2937469 (June 11, 2018); *Gottlieb & Gottlieb, P.A. v. Crants*, No. 8:14-cv-00895-T-33MAP, 2017 WL 9398655, *4 (M.D. Fla. Apr. 10, 2017) (report and recommendation), *no objection and adopted*, 2017 WL 1458249 (Apr. 25, 2017).[6]

Finally, a word about taxable costs. As the prevailing party, Titan is entitled to an award of taxable costs, both by virtue of Florida Statute § 57.105(7) and Federal Rule of Civil Procedure 54(d). In federal practice, costs are taxed by the clerk based on the filing of a Bill of Costs (AO Form 133). To recover costs taxable under 28 U.S.C. § 1920, Titan should promptly complete and file a Bill of Costs and attach the requisite itemization and documentation.

---

[6] One intermediate appellate court in Florida has held, in a split decision, that fees for litigating the quantum of a fee award are not recoverable under 57.105(7). *See Mediplex Const. of Fla., Inc. v. Schaub*, 856 So. 2d 13 (Fla. 4th DCA 2003). Given the Florida Supreme Court's repeated emphasis on the mutuality to be obtained under § 57.105(7), and the precedent that would compel a "fee for fees" award if the contractual fee-shifting provision were enforced in its unilateral form, it is unlikely the Florida Supreme Court would adopt the *Schaub* majority's holding. *See also*, *Schaub*, 856 So. 2d at 16-20 (Farmer, C.J., dissenting).

In sum, the court should grant Titan's motion (Doc. 157) and find Titan entitled to an award of fees and nontaxable expenses for defeating the contract claims on preemption grounds, obtaining its fee-and-expense award, and taxing its costs.

**Recommended** on August 25, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **Parties may file a joint notice waiving the 14-day objection period.**