UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTLYNN USA DIVISION, INC.,

    Plaintiff,

v.                                                  Case No. 2:18-cv-521-JLB-NPM

TITAN TRANS CORPORATION,

    Defendant.
_____/

# ORDER

Following a three-day bench trial, this Court entered Findings of Fact and Conclusions of Law in which it found that Defendant Titan Trans Corporation ("Titan") was not liable to Plaintiff Scotlynn USA Division, Inc. ("Scotlynn") for the loss of transported cargo or for indemnification of attorney's fees and costs. (Doc. 155.) The Magistrate Judge has issued a Report and Recommendation (Doc. 171), recommending that Titan's subsequent Motion on Entitlement to an Award of Attorney's Fees and Costs (Doc. 157) be granted. Upon independent review of the record, the Report and Recommendation, and both parties' timely objections (Doc. 174; Doc. 176), the Court adopts the Report and Recommendation and grants the motion on entitlement to attorney's fees and costs as outlined and clarified below.

## BACKGROUND

This case's factual and procedural history was extensively outlined in the Findings of Fact and Conclusions of Law. (See Doc. 155.) In short, pursuant to a Broker-Carrier Agreement between the parties, Titan transported a cargo of meat

for Scotlynn's customer, Cargill Meat Logistics Solutions, Inc. ("Cargill").  (Doc. 147-1 at 7–8, ¶¶ 7, 11; Doc. 147-68.)  For various reasons, Cargill rejected that cargo, which was later deemed a loss, and this action ensued.  (Doc. 155 at 14–16, 27–28.)

Scotlynn initially sued Titan under the Broker-Carrier Agreement, but the judge previously assigned to this matter held that Scotlynn's contract claim was preempted by the Carmack Amendment to the Interstate Commerce Act, and Scotlynn elected not to revisit the issue before trial.  (Doc. 61 at 11–13; Doc. 1 at ¶¶ 15–16.)  Instead, Scotlynn asserted a claim in Count II under the Carmack Amendment as Cargill's assignee.  (Doc. 144 at ¶ 14.)  Additionally, in Count I, Scotlynn sought "entry of a judgment against Titan . . . for costs, expenses and attorney fees" based on an indemnification provision in the Broker-Carrier Agreement.  (Doc. 62 at ¶¶ 15–17; Doc. 147-1 at p. 9, ¶ 12(c), p. 10, ¶ 22.)

After a three-day bench trial conducted by the undersigned, the Court found that Scotlynn did not establish a prima facie case under the Carmack Amendment and that, even if it did, Titan had shown that it was free of negligence and the damage to the cargo was caused by shipper error.  (Doc. 155 at 43–52.)  As to Scotlynn's claim for attorney's fees and costs in Count I, building off the prior preemption ruling, the Court concluded that the claim was also preempted.  (Id. at 55–57.)  The Court alternatively determined that even if the claim was not preempted, indemnification was unwarranted because, among other reasons, Cargill and Scotlynn were not shown to be without fault in the loss of the cargo and

the Broker-Carrier Agreement did not express an intent in clear and unequivocal terms for indemnification to apply in these circumstances.  (Id. at 57–58.)

In that order, the Court noted that "[t]he issue of whether Titan is entitled to attorney's fees and costs is not before this Court" and that "[a]ny such request must comply with [this Court's] Local Rules."  (Id. at 58 n.44.)  Pursuant to Local Rule 7.01(b) and Fla. Stat. § 57.105(7), Titan now moves for entitlement to attorney's fees and costs.  (Doc. 157.)  The Magistrate Judge has entered a Report and Recommendation, finding that Titan is "entitled to its fees for defeating the contract claims on preemption grounds," but not the claim under the Carmack Amendment.  (Doc. 171 at 5.)

In so finding, the Magistrate Judge first determined that section 57.105(7) was "enforceable" and not "displaced" by the Carmack Amendment or Federal Aviation Administration Authorization Act of 1994 ("FAAAA").  (Id. at 3–4.)  The Magistrate Judge next found there was no dispute that a contract was formed, that the Broker-Carrier Agreement contained a fee-shifting provision, or that Titan prevailed "with respect to the contract."  (Id. at 4.)  The Magistrate Judge concluded that "[h]ad Scotlynn prevailed on its contract claim, Scotlynn would have been entitled to its related fees and costs," and that therefore Titan was entitled to the same under the reciprocal fee-shifting rights.  (Id. at 5.)  The Magistrate Judge reasoned, however, that "it appears from the court's trial ruling that Scotlynn would not have been entitled to attorney's fees even if it had prevailed on its Carmack claim," and thus Titan "is not entitled to any prevailing-party fee award for

3

litigating the Carmack Amendment claim." (Id. at 5–6 (emphasis added).) Both parties have filed objections, and this matter is extensively briefed. (Doc. 174; Doc. 176; see also Doc. 157; Doc. 165; Doc. 169; Doc. 170.)[1]

## STANDARD OF REVIEW

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

## DISCUSSION

As noted, Scotlynn and Titan each raise various objections to the Magistrate Judge's Report and Recommendation. Upon review, neither party's objections are persuasive. The Court will begin with Titan's objections.

**Titan's First Objection: Titan's entitlement to attorneys' fees and costs on Count I should not be limited to "preemption grounds."**

Titan raises two related objections. It first argues that its entitlement to fees and costs should not be limited to "defeating the contract claims on preemption grounds" because, as pleaded and set forth at trial, the "indemnity claim [was] wholly dependent upon a finding that Titan was responsible for damage to the cargo

---

[1] In light of this, and the nature of the instant motion, it is unnecessary to await Titan's potential response to Scotlynn's objections to rule on this matter. (See Doc. 176.) Should a response be filed and any part of this order merit modification because of such, the Court would sua sponte address anything of note in a subsequent order. Meanwhile, the deadline for Scotlynn to file a response to Titan's objections has expired. (See Doc. 174.)

and that Titan failed to indemnify Scotlynn for the damage as required under [the Broker-Carrier Agreement]." (Doc. 174 at 4–7.) To the extent Titan argues it is entitled to attorney's fees and costs as to the Carmack Amendment claim, its contention is unpersuasive.

Under Florida law, a party must bear "its own attorneys' fees unless a contract or statute provides otherwise." Price v. Tyler, 890 So. 2d 246, 250 (Fla. 2004) (quotation omitted). Section 57.105(7), Florida Statutes provides as follows:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

Fla. Stat. § 57.105(7). The fee-shifting provision in the Broker-Carrier Agreement provides that Titan:

> shall pay all costs, expenses and attorney fees which may be expended or incurred by [Scotlynn] in enforcing this Agreement or any provision thereof . . . or in exercising any right or remedy of [Scotlynn] against [Titan], or in any litigation incurred by [Scotlynn] because of any act or omission of [Titan] under this Agreement.

(Doc. 147-1 at 10, ¶ 22.)

As noted, the judge previously assigned to this matter granted Titan's motion for summary judgment, finding that Count I for indemnification based on the damage to the cargo was preempted by the Carmack Amendment. (Doc. 61 at 11–13.) That order, however, granted Scotlynn leave to amend its pleading to "limit the recovery sought to attorney's fees and costs in accordance with Paragraphs 12 and

5

22 of the Agreement" and <u>UPS Supply Chain Solutions, Inc. v. Megatrux Transportation, Inc.</u>, 750 F.3d 1292 (11th Cir. 2014). (Doc. 61 at 12.) Consistent with that order, in Count I of its second amended complaint Scotlynn sought "entry of a judgment against Titan . . . for costs, expenses and attorney fees," relying again on the Broker-Carrier Agreement. (Doc. 62 at ¶¶ 15–17.)

In rejecting the claim following trial, the Court first found that the claim was also preempted because Scotlynn failed to establish separate and distinct conduct to support its claim for attorney's fees and costs. (Doc. 155 at 56); see <u>UPS Supply Chain Sols., Inc.</u>, 750 F.3d at 1284–85. The Court alternatively found that Scotlynn had failed to establish that Scotlynn (or Cargill) was without fault in the loss of the cargo, that neither faced liability founded on Titan's liability, and that the text of the Broker-Carrier Agreement did not express an intent in clear and unequivocal terms for indemnificiation to apply in these circumstances. (Doc. 155 at 57–58.)

The Magistrate Judge concluded that, unlike with the preempted contract claims,[2] even if Scotlynn had prevailed on its claim under the Carmack Amendment

---

[2] It is undisputable that Scotlynn pursued the contract claims to "enforce" the Broker-Carrier Agreement or to "exercis[e] any right or remedy" thereunder, and the claims thus fall squarely within the ambit of the fee-shifting provision. (Doc. 147-1 at 10, ¶ 22.) It is also clear that Titan "successfully defended against an action to enforce the contract." <u>Ghent v. HSBC Mortg. Servs., Inc.</u>, 323 So. 3d 758, 760 (Fla. 4th DCA 2021) (quotation omitted); <u>Page v. Deutsche Bank Tr. Co. Americas</u>, 308 So. 3d 953, 959 (Fla. 2020). Further, neither party challenges the Magistrate Judge's application of <u>David v. Richman</u>, 568 So. 2d 922, 924 (Fla. 1990), in which the Supreme Court of Florida noted that "when litigation ensues in connection with a validly formed contract, attorney's fees may be recovered under a prevailing-party provision of the contract even though the contract has been rescinded or held to be unenforceable." (Doc. 171 at 5.)

it would not have been entitled to attorney's fees under the Broker-Carrier Agreement.  (Doc. 171 at 5.)  Indeed, attorney's fees and costs were unavailable to Scotlynn on the Carmack Amendment claim for several reasons.  And as the Magistrate Judge observed, Titan did not previously view the "act of litigating the loss as conduct separate and distinct from the loss itself, but now it does."  (Doc. 171 at 5 n.5; see Doc. 138.)

It is also worth noting that, despite some overlap between the two counts, Scotlynn did not bring the Carmack Amendment claim to enforce, or pursuant to, the Broker-Carrier Agreement at all, but rather via an assignment of the claim from Cargill.  (Doc. 155 at 41–42, 58; Doc. 144 ¶ 14; Doc. 147-87.)  Cargill, of course, was not a party to the agreement between Scotlynn and Titan and would not have been entitled to attorney's fees.  See Azalea Trace, Inc. v. Matos, 249 So. 3d 699, 702 (Fla. 4th DCA 2018) ("Florida law is clear that no person can claim fees under section 57.105(7) unless that person is a 'party' to the contract that includes the fee provision.").  It is thus not clear how the fee-shifting provision in the agreement between Scotlynn and Titan, made reciprocal by Fla. Stat. § 57.105(7), would entitle Scotlynn to attorney's fees and costs on the Carmack Amendment claim.  Cf. Inland Dredging Co. v. Panama City Port Auth., 406 F. Supp. 2d 1277, 1283 (N.D. Fla. 2005) ("Under § 57.105(7), plaintiff gets what it gave: the ability to recover fees in litigation arising under these contractual provisions.  But the case at bar did not arise under or relate in any way to these contractual provisions."); Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV, 906 F.3d 1329, 1338 (11th Cir. 2018) ("Because the

7

general indemnity provision of the subcontract would not allow Americaribe to recover attorney's fees in an action against CPM to enforce the subcontract, that provision is not a unilateral contract provision for attorney's fees and thus does not come within the scope of Fla. Stat. § 57.105(7).").[3]

In all events, Titan has not shown that the Magistrate Judge erred in limiting Titan's entitlement of attorney's fees and costs to the defense of Scotlynn's contract claims and not the Carmack Amendment claim.[4]

**Titan's Second Objection: Titan is entitled to attorneys' fees and costs on the Carmack Amendment count because the Court explicitly found that the basis of the Carmack Amendment count was "the same" as the indemnity count.**

Similar to its first objection, Titan next argues it is entitled to attorney's fees and costs on the Carmack Amendment count because its underlying basis was the "same" as the indemnification count. (Doc. 174 at 7–10.) This contention is likewise unpersuasive.

---

[3] The Broker-Carrier Agreement's fee-shifting provision did ostensibly provide for expenses "expended or incurred by . . . [Scotlynn's] Customers in enforcing this Agreement," or in "exercising any right or remedy of . . . [Scotlynn's] Customers against [Titan]." (Doc. 147-1 at 10, ¶ 22.) However, no party explains how this language—or even the assignment—affects Titan's entitlement to attorney's fees and costs.

[4] The parties read too much into the Report and Recommendation's apparent limitation of Titan's recovery to defeating the contract claims on specifically "preemption grounds." (See Doc. 173 at 3; Doc. 176 at 19; Doc. 171 at 5, 8.) Titan's entitlement extends to fees and costs related to defending the contract claims, which includes the successful grounds of preemption. Any related issues may be raised in Titan's supplemental motion.

First, as explained, the Magistrate Judge noted that even if Scotlynn had prevailed on its claim under the Carmack Amendment, Scotlynn would not have been entitled to attorney's fees and costs. For the same reasons, Titan is not entitled to attorney's fees and costs on the Carmack Amendment claim, despite any overlap in Scotlynn's various claims.

Next, Titan relies on several cases for the proposition that, where "'a party is entitled to an award of fees for only some of the claims involved in the litigation, . . . the trial court must evaluate the relationship between the claims' to determine the scope of the fee award." (Doc. 174 at 8 (quoting Durden v. Citicorp Tr. Bank, FSB, 763 F. Supp. 2d 1299, 1306–07 (M.D. Fla. 2011)). These cases, however, relate to the question of the scope of a fee award, not whether a party is entitled to attorney's fees and costs on a certain claim. See e.g., Palm Beach Polo, Inc. v. Vill. of Wellington, No. 19-cv-80435, 2021 WL 5024550, at *6 (S.D. Fla. Oct. 13, 2021), adopted, 2021 WL 5013748 (S.D. Fla. Oct. 28, 2021); see also Yellow Pages Photos, Inc. v. Ziplocal, LP, 846 F.3d 1159, 1164 n.3 (11th Cir. 2017). In fact, Titan appears to concede as much. (See Doc. 174 at 4 n.1 (acknowledging that "[t]his argument is, perhaps, better raised as part of the Local Rule 7.01(c) supplemental motion on the amount of attorneys' fees and costs to be awarded").) Accordingly, although this objection is not a basis to reject or modify the Report and Recommendation, Titan may reraise the issue in its supplemental motion on amount, consistent with M.D. Fla. Local Rule 7.01(c).

9

**<u>Scotlynn's First Objection</u>: Federal law preempts Titan's claim for attorneys' fees.**

The Court now turns to Scotlynn's objections. Scotlynn first objects to the Magistrate Judge's finding that "Titan's attorneys' fee claim was not preempted" by the FAAAA and the Carmack Amendment. (Doc. 176 at 3–7.) This objection is unpersuasive.[5]

"State laws are preempted when they conflict with federal law." <u>UPS Supply Chain Solutions, Inc.</u>, 750 F.3d at 1289. As the Eleventh Circuit has instructed, this includes cases where compliance with both federal and state regulations is not possible and where a state law is an obstacle to the purpose and objective of a federal law. <u>Id.</u> Where Congress has "superseded state legislation by statute," a court must "identify the domain expressly pre-empted" by focusing "on the statutory language, which necessarily contains the best evidence of Congress' preemptive intent." <u>Dan's City Used Cars, Inc. v. Pelkey</u>, 569 U.S. 251, 260 (2013) (quotations omitted). As the Magistrate Judge noted, the Supreme Court has previously held that fee-shifting statutes of general application do not conflict with federal provisions regulating the interstate transportation of goods that remain silent about

---

[5] Scotlynn notes that "to the extent this Court disagrees with Scotlynn's objection set forth above, Scotlynn has no objection to the remainder of the Report." (Doc. 176 at 18.) In this vein, Scotlynn alternatively agrees that the Magistrate Judge "was correct in finding that 'Titan [is] entitled to a <u>limited</u> fee-and-expense award,' '[t]he court should find Titan entitled to its fees for defeating the contract claims <u>on preemption grounds</u>,' and 'that Titan – like Scotlynn – is not entitled to any prevailing-party fee award for litigating the Carmack Amendment claim.'" (<u>Id.</u> at 19 (citations omitted).)

10

litigation costs.  See Missouri, K. & T. Ry. Co. of Tex. v. Harris, 234 U.S. 412, 422 (1914); see also UPS Supply Chain Solutions, Inc., 750 F.3d at 1291 n.9.

As to the FAAAA, Scotlynn has failed to show how Titan's request for attorney's fees as a prevailing party on Scotlynn's contract claims falls within the preemptive scope of the FAAAA.  Although that statute's preemptive scope may be broad, "federal law does not pre-empt state laws that affect rates, routes, or services in too tenuous, remote, or peripheral a manner."  Rowe v. New Hampshire Motor Transp. Ass'n, 552 U.S. 364, 375 (2008) (quotation omitted).  Further, "the state laws whose effect is forbidden under federal law are those with a significant impact on carrier rates, routes, or services."  Id. (quotation omitted).  Here, the state statute allowing for Titan's fee entitlement is not "related to a price, route, or service" of a motor carrier or broker "with respect to the transportation of property." 49 U.S.C. § 14501(c)(1).  In short, section 57.105(7) and Titan's claim for attorney's fees are not preempted by the FAAAA.

Second, as to the Carmack Amendment, again, there is no conflict between the relevant provisions and section 57.105(7).[6]  See e.g., UPS Supply Chain Sols., Inc., 750 F.3d at 1291.  Indeed, as noted above, Titan is entitled to remuneration for an unsuccessful lawsuit brought by Scotlynn pursuant to the Broker-Carrier Agreement, not for a loss of cargo.  In summary, the Magistrate Judge did not err in

---

[6] As the Magistrate Judge noted, an inapplicable provision of the Carmack Amendment provides for attorney's fees in the context of the shipment of household goods.  See 49 U.S.C. §§ 14708(d), (e).

11

finding that the FAAAA and Carmack Amendment do not preempt section 57.105(7) or Titan's claim for entitlement to attorney's fees and costs on the contract claims.

**Scotlynn's Second Objection: An award of fees under section 57.105(7) is discretionary.**

Lastly, Scotlynn objects to the Magistrate Judge's finding that an award of attorney's fees and costs under section 57.105(7) is mandatory, not discretionary. (Doc. 174 at 15–18.) This final contention is not persuasive.

As the Magistrate Judge noted, despite the statute's use of the word "may" rather than "must," both Florida courts and the Eleventh Circuit have consistently held that section 57.105(7) "mandates that contractual attorney's fees provisions be reciprocal obligations." Landry v. Countrywide Home Loans, Inc., 731 So. 2d 137, 140 (Fla. 1st DCA 1999) (quotation omitted); see also Sequoia Fin. Sols., Inc. v. Warren, 660 F. App'x 725, 728 (11th Cir. 2016) ("The award of attorneys' fees under § 57.105(7) is mandatory for the prevailing party."). And as the Magistrate Judge observed, the Broker-Carrier Agreement provides that litigation fees "shall" be shifted, and section 57.105(7) renders that provision reciprocal. (Doc. 147-1 at 10, ¶ 22.) Accordingly, Scotlynn has not shown that the Magistrate Judge erred on this point.[7]

---

[7] In all events, even assuming the award is discretionary, the Court deems it warranted as to the contract claims here.

## CONCLUSION

After an independent review of the record, it is **ORDERED**:

1. The parties' objections to the Magistrate Judge's Report and Recommendation (Doc. 174; Doc. 176) are **OVERRULED**.

2. The Report and Recommendation (Doc. 171) is **ADOPTED** and made part of this Order as outlined above.

3. Defendant's Motion on Entitlement to an Award of Attorney's Fees and Costs (Doc. 157) is **GRANTED** to the extent that Defendant is entitled to an award of attorney's fees and nontaxable expenses for defending against Plaintiff's contract claims, obtaining its fee-and-expense award, and taxing its costs.

4. Within **forty-five days** of this Order, consistent with the above and M.D. Fla. Local Rule 7.01, Defendant is **DIRECTED** to file a supplemental motion on the amount of attorney's fees and costs it seeks.

**ORDERED** in Fort Myers, Florida, on September 26, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE